IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEFAN J. KOSA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-196-N (BH) |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations to the District Court on dispositive motions. Before the Court is Plaintiff's *Motion for Summary Judgment*, filed March 16, 2009 (doc. 7). Because plaintiff's motion is predicated on the defendant's alleged failure to answer this action, the Court construes it as a motion for entry of default. Having reviewed the relevant filings and the applicable law, the Court recommends that the motion for entry of default be **DENIED**.

**I. BACKGROUND**

On January 30, 2009, Plaintiff filed this *pro se* action against the defendant and paid the filing fee. By order dated February 4, 2009, the Court noted that no summons had been issued and notified Plaintiff that he was responsible for timely serving the defendant with a summons and the complaint in accordance with Fed. R. Civ. P. 4(m). The order directed the clerk to send Plaintiff a summons form and a copy of Rule 4. The summons was issued on February 11, 2009.

On February 23, 2009, Plaintiff filed a proof of service indicating that he had served the

summons and complaint on the defendant on February 23, 2009 by "USPS certified mail delivery" via two certified mail packages. Attached was a copy of an intranet inquiry printout showing that item number 7005 1160 0002 9886 3358 was mailed on January 30, 2009 and received on February 9, 2009 by "P Hill."[1] Also attached was a United States Postal Service ("USPS") certified mail receipt dated February 22, 2009, for tracking label number 7008 2810 0002 2612 3136.

On March 4, 2009, Plaintiff filed his *Notice of Service* stating that he had not received back his receipt for his certified letter, but he had a printed document from USPS indicating that an individual named Phillip Hill had signed on behalf of the defendant for receipt of a true and correct copy of the pleadings on February 9, 2009. Attached was a USPS certified mail receipt dated January 30, 2009, for tracking label 7005 1160 0002 9886 3358, and a copy of an intranet inquiry printout showing receipt of that item on February 9, 2009 by "P Hill."

## II. ANALYSIS

Plaintiff seeks entry of default against the defendant for failure to answer within twenty days of service.

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55 (a); *New York Life Ins.*, 84 F.3d at 141. Third, a

---

[1] The date of receipt predates the issuance of the summons.

plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

In this case, Plaintiff sues an agency of the United States.  Rule 12(a)(2) of the Federal Rules of Civil Procedure provides that a United States agency must serve an answer to a complaint within sixty days of service on the United States attorney.  The summons issued on February 11, 2009 correctly reflects that the defendant's answer must be filed within sixty days of service, not twenty as alleged by Plaintiff.  Even assuming for purposes of this motion that defendant was properly served as alleged by Plaintiff on February 23, 2009, sixty days have not elapsed from that date. Furthermore, Plaintiff has not demonstrated that defendant was properly served for purposes of calculating the date the defendant's answer was due under Rule 12(a)(2).  He has not shown service on the United States attorney for this district, as required by Rule 4(i), in part, to effect service on an agency of the United States.

Because Plaintiff has not shown that the defendant failed to plead or otherwise respond within the time required by Rule 12(a)(2), the Court should deny Plaintiff's motion for entry of default.

### III.  CONCLUSION

Plaintiff's *Motion for Summary Judgment*, filed March 16, 2009 (doc. 7), which the Court construes as a motion for entry of default, should be **DENIED**.

**SO RECOMMENDED** on this 27th day of March, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE