IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN J. KOSA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-196-N (BH) |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, | § | |
| | § | |
|     Defendant. | § | Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to *Special Order No. 3-251*, the District Court referred this case for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant's Motion to Dismiss and Brief in Support* ("Mot."), filed on May 15, 2009, (doc. #20). Plaintiff did not file a response. Based on the relevant filings and applicable law, Defendant's *Motion to Dismiss* should be **GRANTED**.

### I. BACKGROUND

On January 30, 2009, Plaintiff Stephen J. Kosa ("Plaintiff") filed this *pro se* action against the Department of Homeland Security ("Defendant") under the Freedom of Information Act ("FOIA") and Title 5 of the Texas Civil Practice and Remedies Code, Chapters 107 and 143. (Compl. at 1). An immigrant from Romania, Plaintiff arrived in the United States in 1990 as part of what he believed was a work program sponsored by Chrysler. *Id.* at 1-2, 7. Plaintiff believes another person used his records and documentation to enter the United States unlawfully and that his records were falsified by immigration officials. *Id.* at 3. As a result, Plaintiff experienced "economic terror and hardships," including mysterious job terminations and struggles to obtain new employment. *Id.* at 6. Since 1995, Plaintiff has contacted and visited numerous senators,

congressmen, and even the Governor of Texas, but he has never received an opportunity to review his records or a remedy for issues within the records. *Id.* at 6-11. Along with an opportunity to correct his records, Plaintiff seeks to recover $100,000,000 in damages for alleged falsification of his records by immigration officials. *Id*. at 13.

## II.  RULE 12(b)(1) MOTION TO DISMISS

Defendant initially moves to dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Mot. at 2-3, ¶ 6).

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*. When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack"

2

upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id*. A facial attack usually occurs early in the proceedings and directs the court's attention to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If sufficient, those allegations alone support jurisdiction. *Id.* If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.* Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

In this case, Defendant does not support the motion with evidence. Because this is a facial attack, the Court must merely decide if Plaintiff has correctly alleged a basis for subject matter jurisdiction by examining the allegations in the complaint, which are presumed to be true. *Rodriguez*, 992 F.Supp. at 878; *Patterson*, 644 F.2d at 523.

## B.  Sovereign Immunity

Defendant argues that the Court lacks jurisdiction over this action because Plaintiff's

claims are barred by the doctrine of sovereign immunity. (Mot. at 2, ¶ 5).

Under the settled principles of sovereign immunity, the United States, as a sovereign, is immune from suit absent any explicit waiver. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987). The jurisdiction of a court to hear a suit is defined by whether the United States has consented to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir.1988). Courts must strictly construe all federal government waivers of sovereign immunity, deciding ambiguities in favor of the sovereign." *Linkous v. United States,* 142 F.3d 271, 275 (5th Cir. 1998). "Sovereign immunity is jurisdictional in nature." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The burden lies with the party urging jurisdiction upon the court. *Shirley v. Maxicare Tex., Inc.*, 921 F.2d 565, 567 (5th Cir. 1991).

### *1. Freedom of Information Act*

Defendant contends that Plaintiff's FOIA claim is barred by sovereign immunity because Plaintiff does not seek the production of any documents. (Def. Mot. at 2, ¶ ¶ 4-5).

Under FOIA, the district court is permitted only "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B); *see also United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). The FOIA statute does not provide a private right of action for money damages. *See* 5 U.S.C. § 552(a)(4)(B); *see also Logan v. United States*, 272 F. Supp. 2d 1182, 1187 (D. Kan. 2003) (citing to *Scherer v. United States*, 241 F. Supp. 2d 1270, 1277 (D. Kan. 2003) (stating that the court had no subject matter jurisdiction because FOIA does not provide

for monetary damages).[1]  Because the United States has not consented to be sued under FOIA for money damages, the claim is barred by sovereign immunity.  *See Logan*, 272 F. Supp. 2d at 1187.  Nor has the United States consented to be sued under FOIA for the correction of records, and this claim is likewise barred.  *See* 5 U.S.C. § 552(a)(4)(B).

Plaintiff has not met his burden to demonstrate that Congress waived sovereign immunity under FOIA for the relief sought in this action.  (*See* Compl. at 1).  His FOIA claim should therefore be dismissed for lack of subject matter jurisdiction.

### *2.  Texas Civil Practice & Remedies Code*

The Defendant also argues Plaintiff cannot establish jurisdiction under Chapters 107 and 143 of the Texas Civil Practice and Remedies Code because the United States has not subjected itself to suit under those state laws.  (Def. Mot. at 3, ¶ 7).

Section 143.001(a) creates a civil cause of action for "a person who is injured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, . . . if the conduct constituting the violation was committed knowingly or intentionally."  Tex. Civ. Prac. & Rem. Code Ann. § 143.001(a) (Vernon 2005); *see also Southwest Airlines Co. v. Farechase, Inc.*, 318 F.Supp. 2d 435, 442-43 (N.D. Tex. 2004).  Texas Penal Code § 33.02(a) makes it an offense to knowingly access a computer, network or system without consent of the owner.  Section 143.001(a) provides no basis for subject matter jurisdiction in this court.

Chapter 107 "applies to resolutions granting permission to sue the state or any of the agencies of government that collectively constitute the government of this state . . ." Tex Civ.

---

[1] Although the FOIA claim in *Scherer* was dismissed under Rule 12(b)(6), the court noted that the punitive damages claim could have been dismissed under Rule 12(b)(1) based on sovereign immunity if the defendant had made the argument.  *See Scherer*, 241 F. Supp. at 1278 n.15.

Prac. & Rem. Code Ann. § 107.001 (Vernon 2005). Section 107.001 relates to sovereign immunity for agencies and governmental units within the state only. *See* Tex. Civ. Prac. & Rem. Code Ann. § 107.001. Chapter 107 is therefore insufficient to assert federal jurisdiction over a federal agency. *See Salazar v. Davis*, No. 3-02-CV-1177-D, 2002 WL 1968205, at *1 n.1 (N.D. Tex. Aug. 20, 2002) (noting no jurisdictional basis established where Section 107.001 was identified in the complaint as a basis for the claims); *see also Moore v. United States*, No. 07-798 C, 2008 WL 1992131, at *5 (Fed. Cl. Mar. 19, 2008) (internal citation omitted) (dismissing the *pro se* plaintiff's alleged state law violation claims for lack of subject matter jurisdiction because state laws do not provide for a right to monetary damages against the United States).

Plaintiff did not meet his burden of demonstrating that the United States consented to be sued under the Texas statutes. (*See* Compl. at 1). Thus, Plaintiff's claim brought under the Texas Civil Practice and Remedies Code should be dismissed for lack of subject matter jurisdiction.

### III.   RECOMMENDATION

Defendant's *Motion to Dismiss* should be **GRANTED**, and Plaintiff's claims against Defendant should be **DISMISSED** without prejudice.

**SO RECOMMENDED**, on this 23rd day of June, 2009.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7